IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| GLEN D. SMALE and<br>CARLA J. SMALE, h/w | : <br> : <br> : | CIVIL ACTION |
| v. | : <br> : | |
| LUCENT TECHNOLOGIES, INC. | : <br> : | NO. 02-CV-2721 |

---

## ORDER

AND NOW, this        day of                    , 2003, upon consideration of Plaintiffs' Motion for Leave to Amend the Complaint, it is hereby ORDERED that Plaintiffs may amend the Complaint and that the Amended Complaint is accepted for filing. Defendant shall answer the Amended Complaint within twenty (20) days from the date of this Order.

_____
J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| GLEN D. SMALE and<br>CARLA J. SMALE, h/w | : | CIVIL ACTION |
| v. | : | |
| LUCENT TECHNOLOGIES, INC. | : | NO. 02-CV-2721 |

---

## PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs, Glen D. Smale and Carla J. Smale, by and through their attorneys, Ominsky & Ominsky, P.C., pursuant to Federal Rule of Civil Procedure 15, respectfully request leave to amend the Complaint in the form attached hereto as Exhibit "A". As grounds therefor, Plaintiffs state as follows:

1. Plaintiffs brought this civil action to recover damages for severe and permanent injuries suffered by Plaintiff, Glen D. Smale, when he was negligently, carelessly and recklessly exposed to hazardous acids, chemicals and other toxic materials at Defendant's Metal Oxide Semi-Conductor Plant.

2. On May 7, 2002, Plaintiffs, through prior counsel Andrew Zelonis, Esquire, filed a Complaint alleging various claims for relief, all of which were based upon Plaintiff's exposure and contact with hazardous substances at Defendant's premises.

3. Subsequently, Plaintiffs retained undersigned counsel in place of Mr. Zelonis to prosecute their claims to resolution.

4. Plaintiffs now respectfully request leave of the Court to amend their Complaint to more particularly and fully allege the material facts, claims and relief requested.

5. The original Complaint does not contain a claim for punitive damages. However, based upon information, belief and discovery performed to date, the conduct of Defendant Lucent Technologies with respect to Plaintiff at all material times was intentional, reckless and constituted a conscious disregard for the rights and safety of Plaintiff.

6. Federal Rule of Civil Procedure 15(a) states that leave to amend the complaint "shall be freely given when justice so requires."

7. This case is in the early stages of discovery, the amendment to the Complaint is based upon the same transactions and occurrences which gave rise to the original Complaint, and the requested amendment is filed for the proper purpose of amending the Complaint to more amply and fully set forth and prosecute Plaintiffs' rights.

8. In *Thomas v. Medesco, Inc.*, 67 F.R.D. 129 (E.D. Pa. 1974), the court, in considering a motion to amend the complaint to add a claim for punitive damages "at a late date" and "on the eve of trial", held amendment of the complaint was not prejudicial to the defendant when it was based upon the same facts that gave rise to the original cause of action.

9. In the instant case, which is early in the discovery process, there can be no inference that the amendment is made for purposes of undue delay, bad faith or dilatory motive or is otherwise prejudicial to Defendant.

10. Pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, Plaintiffs' claim for punitive damages arose out of the same conduct, transactions and occurrences set forth or attempted

to be set forth in the original pleading. Therefore, the amendment relates back to the date of the original pleading. *See, Gunnip v. Warner Company*, 43 F.R.D. 365 (E.D. Pa. 1968).

WHEREFORE, Plaintiffs, Glen D. Smale and Carla J. Smale, respectfully request leave of this Court to file the Amended Complaint that is attached hereto as Exhibit "A", and for such other and further relief as the Court deems just and proper.

OMINSKY & OMINSKY, P.C.

By:_____
      Andrew M. Ominsky, Esquire
      Douglas T. Ominsky, Esquire
      Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------
                                                :
GLEN D. SMALE and                               :     CIVIL ACTION
CARLA J. SMALE, h/w                             :
                                                :
        v.                                      :
                                                :
LUCENT TECHNOLOGIES, INC.                       :     NO. 02-CV-2721
                                                :
---------------------------------------------------

**PLAINTIFFS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION TO AMEND COMPLAINT**

Plaintiffs, Glen D. Smale and Carla J. Smale, by and through their attorneys, Ominsky & Ominsky, P.C., pursuant to Local Rule 7.1 and Federal Rule of Civil Procedure 15, respectfully request leave to amend their Complaint to more particularly and fully allege the material facts, claims and relief requested. In support thereof, Plaintiffs state as follows:

**I.      FACTS.**

Plaintiffs brought this action to recover damages for severe and permanent injuries suffered by Plaintiff, Glen D. Smale, when he was negligently, carelessly and recklessly exposed to hazardous acids, chemicals and other toxic materials at Defendant's Metal Oxide Semi-Conductor Plant.

On May 7, 2002, Plaintiffs, through their prior counsel Andrew Zelonis, Esquire, filed a Complaint alleging various claims for relief, all of which were based upon Plaintiff's exposure and contact with hazardous substances at Defendant's premises.

Subsequently, Plaintiffs retained undersigned counsel in place of Mr. Zelonis to prosecute their claims to resolution. Plaintiffs now respectfully request leave of the Court to amend their Complaint to more particularly and fully allege the material facts, claims and relief requested.

The original Complaint does not contain a claim for punitive damages. However, based upon information, belief and discovery performed to date, the conduct of Defendant Lucent Technologies with respect to Plaintiff at all material times was intentional, reckless and constituted a conscious disregard for the rights and safety of Plaintiff.

## II.     ARGUMENT.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend the complaint shall be freely given when justice so requires. Rule 15(a) states:

> **Amendments**. A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

Rule 15(c) of the Federal Rules of Civil Procedure provides for the relation back of amendments and states, in pertinent part:

> An amendment of a pleading relates back to the date of the original pleading when

*     *     *

>> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . .

As indicated above, Plaintiffs seek to amend their Complaint to more particularly and fully allege the material facts, claims and relief requested and add a claim for punitive damages based upon the intentional, reckless and conscious disregard for Plaintiff's rights and safety. This case is in the early stages of discovery. The requested amendment to the Complaint, which is based upon the same transactions and occurrences which gave rise to the original Complaint, and are the basis for the requested amendment. Further, the amended Complaint is filed for the proper purpose of amending the Complaint to more amply and fully prosecute Plaintiffs' rights. Therefore, the interests of justice will be served by permitting amendment of the Complaint.

In *Thomas v. Medesco, Inc.*, 67 F.R.D. 129 (E.D. Pa. 1974), the court, in considering a motion to amend the complaint to add a claim for punitive damages "at a late date" and "on the eve of trial", held amendment of the complaint was not prejudicial to the defendant when it was based upon the same facts that gave rise to the original cause of action. Therefore, in the instant case, which is early in the discovery process, there can be no inference that the amendment is made for purposes of undue delay, bad faith or dilatory motive or is otherwise prejudicial to Defendant.

Plaintiffs' allegations of material facts, claims and relief requested all arise out of the same conduct, transactions and occurrence set forth or attempted to be set forth in the original pleading. Therefore, in accordance with Rule 15(c) of the Federal Rules of Civil Procedure, the amendment must be deemed to relate back to the date of the original pleading. *See, Gunnip v. Warner Company*, 43 F.R.D. 365 (E.D. Pa. 1968).

### III.  CONCLUSION.

Based on the foregoing, Plaintiffs, Glen D. Smale and Carla J. Smale, respectfully request this Court grant them leave to file and serve upon Defendant the Amended Complaint attached to their Motion to Amend the Complaint as Exhibit "A".

                                 OMINSKY & OMINSKY, P.C.

                                 By:_____
                                    Andrew M. Ominsky, Esquire
                                    Douglas T. Ominsky, Esquire
                                    Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion to Amend Complaint was served upon the following party by U.S. first class mail, postage prepaid on the date set forth below:

Thomas P. Bracaglia, Esquire
Kelly, McLaughlin, Foster, Bracaglia,
Daly, Trabucco & White, LLP
1617 John F. Kennedy Boulevard, Suite 1690
Philadelphia, PA 19103
**Attorney for Lucent Technologies, Inc.**

                                                    _____
                                                    Andrew M. Ominsky, Esquire
                                                    Douglas T. Ominsky, Esquire
                                                    Attorneys for Plaintiffs

Dated: May 1, 2003