**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLEN D. SMALE and CARLA J. SMALE, his wife** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 02-CV-2721** |
| **LUCENT TECHNOLOGIES, INC.** | : | |

## ANSWER OF DEFENDANT, LUCENT TECHNOLOGIES, INC., TO PLAINTIFFS' MOTION TO AMEND COMPLAINT

Defendant, Lucent Technologies, Inc., by its attorneys, Kelly, McLaughlin, Foster, Bracaglia, Daly, Trabucco & White, LLP, hereby answers Plaintiffs' Motion to Amend Complaint and in support thereof states the following:

1. Admitted in part; denied in part. Lucent admits that Plaintiffs filed a Complaint alleging personal injuries. All remaining allegations are denied.

2. Admitted in part; denied in part. Lucent admits that Plaintiffs filed a Complaint on or about May 7, 2002. All remaining allegations are denied.

3. Denied. After reasonable investigation, Lucent is without knowledge as to when Plaintiffs retained present counsel to represent their interests in this action.

4. Admitted in part; denied in part. Lucent admits that Plaintiffs have moved the Court to amend their Complaint. As set forth in the attached Memorandum of Law, Lucent denies that Plaintiffs are entitled to such relief.

5. Admitted in part; denied in part. Lucent admits that Plaintiffs' Complaint does not state a claim for punitive damage. All remaining allegations are denied.

6. Admitted in part; denied in part. Lucent admits that F.R.C.P. 15(a) states in part. Lucent denies that plaintiffs are entitled to relief.

7. Admitted in part; denied in part. Lucent admits only that depositions have not been conducted although written discovery has been exchanged. All remaining allegations are denied. To the contrary, as set forth in the attached Memorandum of law, the purpose of Plaintiffs' purported "amendment" to the Complaint is not to "more amply and fully" prosecute Plaintiffs' rights but rather to attempt to assert new and distinct causes of action which are barred by the applicable statute of limitations.

8. Denied. The allegations of this Paragraph are denied as conclusions of law. By way of further answer, as set forth in the attached Memorandum of Law, Plaintiffs' claims for punitive damages are substantively without merit and therefore any amendment to the pleading would be futile and should not be permitted as a matter of law. Further, Plaintiffs' proposed Amended Complaint does not merely add a claim for punitive damages but instead seeks to add a plethora of new causes of action which are barred by the applicable statute of limitations.

9. Denied. To the contrary, Plaintiffs' proposed amendments are in bad faith as they are substantively meritless, only seek to add causes of action which are barred by the applicable statute of limitations and are prejudicial to defendant.

10. Denied. To the contrary, only 4 of the 90 new Paragraphs and/or Sub-Paragraphs of Plaintiffs' proposed Amended Complaint set forth a claim for punitive damages. The remaining new allegations set forth in Plaintiffs' Complaint are directed towards asserting new and distinct time-barred claims against Lucent. Therefore, Plaintiffs' Motion to Amend should be denied with prejudice.

**WHEREFORE**, Defendant Lucent Technologies, Inc. respectfully requests that the Court deny Plaintiffs' Motion to Amend the Complaint with prejudice.

**KELLY, McLAUGHLIN, FOSTER,**
**BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

By:_________________________________
Thomas P. Bracaglia, Esquire
Attorney for Defendant,
Lucent Technologies, Inc.

**DATED: _____________**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLEN D. SMALE and CARLA J. SMALE, his wife** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 02-CV-2721** |
| **LUCENT TECHNOLOGIES, INC.** | : | |

**O R D E R**

**AND NOW**, this day of , 2002, upon consideration of the Motion of Plaintiffs to Amend the Complaint and the Answer of Defendant, Lucent Technologies, Inc., it is hereby **ORDERED** and **DECREED** that Plaintiffs' Motion is hereby **DENIED** with prejudice.

**BY THE COURT:**

______________________________
**, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLEN D. SMALE and CARLA J. SMALE, his wife** | : | **CIVIL ACTION** |
| **v.** | : | **NO. 02-CV-2721** |
| **LUCENT TECHNOLOGIES, INC.** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF ANSWER OF DEFENDANT, LUCENT TECHNOLOGIES, INC., TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendant, Lucent Technologies, Inc., by its attorneys, Kelly, McLaughlin, Foster, Bracaglia, Daly, Trabucco & White, LLP, hereby submits the following Memorandum of Law in support of its Answer to Plaintiffs' Motion to Amend Complaint.

## I. FACTS

Plaintiffs originally filed their Complaint on or about May 7, 2002 claiming personal injuries as the result of alleged exposure to hazardous substances on May 12, 2000. See Plaintiffs' Complaint, Exhibit "A". Plaintiffs' original Complaint consisted of 21 Paragraphs with one Paragraph having seven (7) subparts. See Plaintiffs' Complaint, Exhibit "A". In their original Complaint, Plaintiffs asserted four causes of action including Negligence (Count – I), Negligent Hiring, Training, Supervision or Retention (Count –II); Strict Liability and Tort (Count – III) and Loss of Consortium (Count – IV).

Now, almost three (3) years after Plaintiffs' alleged exposure and well beyond the expiration of applicable statute of limitations, Plaintiffs seek leave to file a purported "Amended Complaint". Plaintiffs' proposed Amended Complaint seeks to add approximately 90 new

allegations of negligence against Lucent including four (4) entirely new causes of action including Negligence Per Se (Count – II) Premises Liability (Count – V), Fraudulent Misrepresentation or Non-Disclosure (Count – VI), Medical Monitoring (Count – VII) as well as a claim for Punitive Damages (Count –VIII). More specifically, in their proposed Amended Complaint, Plaintiffs add, inter alia, the following new claims of alleged negligence on the part of Lucent:

(a) failure to use reasonable care in the work plans of the facility;

(b) failure to use reasonable care in instructing and/or warning plaintiff and persons in plaintiff's position of the unreasonably dangerous nature of the work;

(c) failure to take any reasonable precautions or to exercise reasonable care to adequately or sufficiently warn plaintiff and other persons similarly situated of the risks, dangers and harm to which they were exposed by continuous work with, contact with, use, handling and exposure to the dangerous, hazardous, harmful, poisonous chemicals and materials at defendant's facility;

(d) failure and omitted to provide plaintiff and other persons similarly situated, with knowledge of reasonably safe and sufficient safeguards, proper safety devices, including but not limited to, respirators, safety goggles, protective apparel and other personal protection;

(e) increasing the risk of harm to plaintiff;

(f) permitting the said dangerous work to occur which created an unreasonably dangerous condition;

(g) failing to correct the dangerous work conditions that existed;

(h) failing to cover and protect against the aforementioned condition so that plaintiff and persons in plaintiff's position would be safe from harm;

(i) failing to provide a safe workplace;

(j) failure to establish safety practices;

(k) failure to have safety practices;

(l) failure to adopt and enforce a safe, sufficient and proper plan and method of working with, using, handling and coming into contact with an being exposed to the dangerous, hazardous, harmful, poisonous chemicals and materials at defendant's facility;

(m) failure to provide material safety data sheets;

(n) failure to have pre-job and/or pre-work safety meetings;

(o) failure to properly dispose of toxic waste and/or dangerous, hazardous, poisonous chemicals and/or materials;

(p) failure to communicate to plaintiff and plaintiff's employer any safety and health hazards known by defendant to be associated with the work;

(q) failure to comply with its own environmental health and safety requirements and/or procedures;

(r ) improperly storing toxic waste and/or dangerous, hazardous, poisonous chemicals and/or materials;

(s) failure to properly label chemical containers;

(t) failure to provide safe equipment for the work;

(u) failure to provide equipment for the work;

(v) rushing the work to meet deadlines;

(w) failure to inspect the workplace and work;

(x) failure to have continuing inspections of the workplace and work;

(y) failing to conduct routine and proper inspections of the premises commensurate with its duties as a processor of land;

(z) permitting the premises to remain in such a condition so as to constitute a menace, danger, nuisance and hazardous trap for business invitees lawfully upon the premises;

(aa) failure to supervise the workplace and work;

(bb) failure to conduct an engineering survey;

(cc) failure to undertake responsibilities which include, but are not limited to, the supervision of work, inspecting and safeguarding the premises, which such negligence constitutes liability under Section 324(a) of the Restatement of Torts and as a result of defendant has increased the risk of harm to plaintiff;

(dd) negligently providing false information to plaintiff as to the condition of the work site despite knowing that plaintiff and other workers would rely upon the information and that the false information placed plaintiff and other workers in peril;

(ee) failing to exercise reasonable care in ascertaining the accuracy of the information conveyed to plaintiff and other workers;

(ff) failing to exercise reasonable care in the manner in which it communicated crucial safety information to plaintiff and other workers;

(gg) failing to properly and effectively communicate to plaintiff and other workers the condition of the work site;

(hh) violating its own practices and procedures, industry practice, industry standards and governmental regulations regarding work at chemical and hazardous material sites;

(ii) improperly and inadequately reviewing and supervising the work performed by plaintiff and other workers;

(jj) failing to provide appropriate warning and instructions regarding the need for, and advantages of proper personal protective equipment and other protective measures;

(kk) failing to specify the use of personal protective equipment and other protective measures that would have significantly reduced the extend of injuries suffered by plaintiff;

(ll) failing to act with due care with regard to the health and safety of business invitees on its premises;

(mm) providing business invitees on its premises including plaintiff, with an unsafe environment to work;

(nn) withholding information from plaintiff and plaintiff's employer that is essential for safe work site;

(oo) failing to manufacture or design their products and facilities so that plaintiff would not be exposed to dangerous, hazardous, harmful, poisonous chemicals and materials at defendants' facility;

(pp) failing to hire, retain and supervise a competent contractor to perform the work;

(qq) failing to remediate hazardous conditions prior to authorizing the work;

(rr) failing to maintain records sufficient to properly identify the presence, location, extent and toxicity of hazardous materials on its premises;

(ss) any other acts, omissions or failure to act that may be discovered during the course of discovery;

(tt) acting recklessly, wantonly, willfully, oppressively and indifferently to the rights of plaintiff; and

(uu) negligently and failing to comply with federal, state and local statutes and regulations including but not limited to the OSHA Act of 1970, 29 U.S.C. §650, et seq. and the Federal Hazardous Substance Act, 15 U.S.C. 1261, et seq., 29 C.F.R. §1910.1200, et seq. and 29 C.F.R. § 1926, et. seq., which failure constitutes negligence per se and a reckless disregard for plaintiff's health and safety.

See Plaintiffs' Amended Complaint, ¶¶ 28(a)-(uu).

As set forth below, because these new claims are barred by the applicable statute of limitations under Pennsylvania law, Plaintiffs' Motion for Leave to file an Amended Pleading must be denied with prejudice.

## II. LEGAL ARGUMENT

### A. THE PROPOSED AMENDMENTS TO THE COMPLAINT ARE BARRED BY THE STATUTE OF LIMITATIONS AND THEREFORE LEAVE TO AMEND SHOULD BE DENIED

Although Plaintiffs artfully caption their Motion for Leave as seeking to merely add a claim for punitive damages, in reality it is thinly veiled attempt to assert a plethora of new causes of action which are barred by the applicable statute of limitations.

Rule 15(c)(2) of the Federal Rules of Civil Procedure states in pertinent part as follows:

An amendment of a pleading relates back to the date of the original pleading when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading ...

See Fed.R.C.P. 15(c).

Although the standards for amending pleadings are generally liberal, the law is equally well-settled that a court may deny leave to amend on the basis of undue delay, bad faith, undue prejudice to the opposing party, repeated failure to cure deficiencies by amendments previously allowed, or futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). Thus, under the Federal Rules of Civil Procedure, allowance to amend is not intended to be automatic. Dover Steel Co., Inc. v. Hartford Acc. & Indem. Co., 151 F.R.D. 570, 574 (E.D.Pa.1993); see also Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir.1995) ("[T]he relation-back rule requires plaintiffs to show that the already commenced action sufficiently embraces the amended claims so that defendants are not unfairly prejudiced by these late-coming [claims] and that plaintiffs have not slept on their rights."); Breiner v. Litwhiler, 245 F.Supp. 2d 614 (M.D. Pa. 2003). Moreover, the Courts have also made clear that Rule 15 is not intended to permit "an end-run around the statute of limitations that bars [the plaintiffs'] claims." Nelson v. County of Allegheny, 60 F.3d 1010, 1015 (3d Cir.1995). An amendment is deemed futile where it would not survive a motion to dismiss (see Smith v. NCAA, 139 F.3d 180, 190 (3d Cir.1998), rev'd on other grounds, 525 U.S. 459 (1999)) and/or where the amendment would be barred by the applicable statute of limitations. See In re: NAHC Securities Litigation, 306 F.3d 1314 (3d Cir. 2002).

Here, this is a personal injury action which, under Pennsylvania law, is subject to a two (2) year statute of limitations. See 42 Pa.C.S.A. § 5524(2); Schach v. Ford Motor Company, 210

F.R.D. 522 (M.D. Pa. 2002). Indeed, all of the proposed new claims asserted by Plaintiffs including negligence per se, premises liability, fraudulent misrepresentation or non-disclosure, and medical monitoring are subject to a two (2) year statute of limitations. See 42 Pa.C.S.A. § 5524(2) Compuwill Express, Inc. v. ATX Telecommunications Services, Ltd., 2000WL 694780 (M.D. Pa. 2000) aff'd 263 F.3d 157 (3d Cir. 2001)(a two-year statute of limitations applies to "[a]ny other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter).

In their Complaint and proposed Amended Complaint, Plaintiffs allege that Plaintiff husband's alleged injuries occurred on May 12, 2000. As such, the statute of limitations expired on May 12, 2002 for any alleged claims. Consequently, Plaintiffs' Motion for Leave to assert new and distinct causes of action was filed almost one year after the statute of limitations expired. Moreover, despite the boiler plate assertions in their Motion, Plaintiffs cannot escape the fact these claims are time barred by claiming these new causes of action relate back to the facts plead in the original Complaint because they are based upon a plethora of new and distinct claims of negligence and conduct on the part of Lucent which was never asserted in the original Complaint. See Estate of Weiler v. Northern Health Facilities, Inc., 2000 WL 730729 (E.D. Pa. 2000)(court denies motion to amend complaint to assert new negligence claims based upon conduct not set forth in the original pleading); Compuwill Express, Inc. v. ATX Telecommunications Services, Ltd., 2000WL 694780 (M.D. Pa. 2000) aff'd 263 F.3d 157 (3d Cir. 2001)(court dismisses counts of third amended complaint as being barred by the statute of limitations because such claims do not relate to conduct alleged in original timely pleading).

Indeed, even a cursory comparison of the original Complaint and the 90 new paragraphs added to the proposed Amended Complaint makes abundantly clear that neither the causes of action nor the facts allegedly supporting those causes of action were preserved in Plaintiffs' original pleading.

Further, the record is clear that Plaintiffs have slept on their rights and that Plaintiffs' instant Motion is an attempted end run around the statute of limitations. First, Plaintiffs did not file their Complaint until the eve of the expiration of the statute of limitations. Plaintiffs allege that they were exposed to hazardous chemicals on May 12, 2000. Plaintiffs' Complaint was not filed until May 7, 2000, only five (5) days before the statute of limitations expired.

Second, Plaintiffs did nothing to discover or prosecute their claims until very recently. By Order dated January 15, 2003, the Honorable James K. Gardner denied without prejudice Lucent's Motion to Compel Plaintiffs' Discovery Responses and Ordered the parties to bring the matter to the attention of Magistrate Judge Arnold Rapaport. A copy of that Order is attached as Exhibit "B". By Order dated January 23, 2003, Magistrate Judge Rapaport ordered Plaintiffs to comply with F.R.C.P. 26 and Section 4:01(a)(1)(B) of the Civil Justice Expense and Delay Reduction Plan, provide full and complete answers to Lucent's discovery responses, and warned that failure to comply with the terms of the Order may result in dismissal for failing to prosecute. A copy of that Order is attached as Exhibit "C". By Order dated February 26, 2003, Magistrate Judge Rapaport ordered Plaintiffs to comply with F.R.C.P. 26 and Section 4:01(a)(1)(B) of the Civil Justice Expense and Delay Reduction Plan, provide full and complete answers to Lucent's discovery responses, provide all documents identified as being reviewed by plaintiffs' expert and warned that continued failure to comply with the terms of the Order may result in dismissal for failing to prosecute. A copy of that Order is attached as Exhibit "D". During the May 2, 2003

Status Conference, the Honorable James K. Gardner ordered that Plaintiffs provide full and complete responses to Lucent's Request for Production of Documents by May 12, 2003.

The above chronology makes clear that Plaintiffs waited until the eve of the expiration of the statute of limitations to file their Complaint and then repeatedly failed to meet their discovery obligations or abide by the Court's discovery Orders. Further, Plaintiffs' Motion fails to offer any justification for why the newly proposed causes of action were not timely raised. See Breiner, supra (failure to justify delay plus conclusory and broad allegations justifies denying leave to amend to assert claims otherwise time barred and to do otherwise would prejudice the defendant). This confirms that Plaintiffs have no justification for not timely raising their newly proposed claims as Plaintiffs have slept on their rights and their proposed Amended Complaint is no more than a prohibited attempt at an end-run around the statute of limitations that bars their claims. The law is clear that the relation-back rule "does not save the claims of complainants who have sat on their rights" and "seek to take advantage of the rule to perform an end run around the statute of limitations that bars their claims". Nelson, 630 F.3d at 1015.

Accordingly, Plaintiffs should not be permitted to assert new and distinct time-barred claims under the guise of a Motion for Leave to assert a claim for punitive damages. Because Plaintiffs' newly asserted claims are barred by the applicable statute of limitations, their proposed amendments are futile and there Motion for Leave should be denied with prejudice.

### B. PLAINTIFFS' PROPOSED AMENDED COMPLAINT FAILS TO STATE A CAUSE OF ACTION FOR PUNITIVE DAMAGES AND THEREFORE LEAVE TO AMEND SHOULD BE DENIED

As set forth above, leave should be denied where the proposed amendments are futile and would be subject to a motion to dismiss. Here, Plaintiffs' proposed claim for punitive damages fails as a matter of law and therefore leave should not be granted.

Initially, in Count VIII of Plaintiffs' proposed Amended Complaint, Plaintiffs improperly attempt to set forth a separate and distinct cause of action for punitive damages. See Plaintiffs' Amended Complaint, VIII (Exhibit "B").However, under Pennsylvania law, a punitive damage claim is not a separate cause of action but rather merely a claim for a certain type of damages incident to an underlying cause of action. See Winterberg v. CNA Insurance Company, 868 F.Supp. 713 (E.D. Pa. 1994) aff'd 72 F.3d 3189 (3d Cir. 1995); Waltman v. Fahnestock & Co., Inc., 792 F.Supp. 31 (E.D. Pa. 1992) aff'd 989 F.2d 490 (3d Cir. 1993); Hunsaker v. Surgidev Corp., 818 F.Supp. 744 (M.D. Pa. 1992) aff'd 5 F.3d 1489 (3d Cir. 1993); Feingold v. SEPTA, 517 A.2d 1270 (Pa. 1986); Nix v. Temple University, 596 A.2d 1132 (Pa. Super. 1991); Shanks v. Alderson, 582 A.2d 883 (Pa. Super. 1990). Accordingly, Count VIII of Plaintiffs' proposed Amended Complaint purportedly alleging a separate and distinct cause of action for punitive damages is improper and therefore leave to amend should be denied.

In addition, under Pennsylvania law, to set forth a claim for punitive damages, Plaintiffs must allege specific facts establishing that Lucent acted maliciously, wantonly, willfully, recklessly, and/or oppressively towards Plaintiffs. Jones v. McDonald's Corp., 958 F.Supp. 234 (E.D. Pa. 1997); In re Marks, 192 B.R. 379 (E.D. Pa. 1996) aff'd 106 F.3d 386 (3d Cir. 1997). Thus, punitive damages may only be awarded for conduct.

> "that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." See Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355 (1963). Punitive damages must be based on conduct which is "'malicious', 'wanton', 'reckless',' 'willful', or 'oppressive'..." Id. at 344-45, 192 A.2d at 358 citing Hughes v. Babcock, 349 Pa. 475, 37 A.2d 551 (1944).

Feld v. Merriam, 485 A.2d 742, 747-48 (Pa. 1984).

An award of punitive damages "is appropriate only where the conduct complained of is especially egregious." Martin v. Johns-Manville Corporation, 494 A.2d 1088, 1096-97 (Pa. 1985)

citing Restatement of Torts (Second), § 908. As such, "**[p]unitive damages may not be awarded for misconduct which constitutes ordinary negligence** such as inadvertence, mistake and errors of judgment." Id. (emphasis added); see also Packard v. Provident National Bank, 994 F.2d 1039 rehearing denied, cert. denied Upp v. Mellon Bank, 510 U.S. 964 (1994); Logue v. Logano Trucking Company, 921 F.Supp. 1425 (E.D. Pa. 1996). As a matter of law, mere negligence is an insufficient basis upon which to permit an award of punitive damages. Id. Under Pennsylvania law, mere conclusory allegations as to willfulness and/or malice without specific facts establishing these allegations are not sufficient to support an award of punitive damages. To the contrary, the Pennsylvania Supreme Court has instructed that "punitive damages are appropriate to punish and deter only extreme behavior and, even in the rare instances in which they are justified, are subject to strict judicial controls." Martin v. Johns-Manville Corporation, 494 A.2d 1088 (Pa. 1985); see also Keenan v. City of Philadelphia, 983 F.2d 459 (3d Cir. 1989). Therefore, absent specific facts that Lucent acted maliciously, wantonly, willfully, recklessly, and/or oppressively, Plaintiffs' proposed Amended Complaint fails to state a claim for punitive damages as a matter of law.

Here, Plaintiffs' Motion and proposed Amended Complaint alleges only conclusory allegations as to alleged willfulness but is devoid of any specific facts which support the bald contention that Lucent acted maliciously, wantonly, willfully, recklessly, and/or oppressively at any time towards Plaintiffs. On the contrary, the facts alleged establish at best, nothing more than ordinary negligence or lack of due care on the part of Lucent which cannot give rise to a claim for punitive damages. Once again, this is particularly true here where the statute of limitations expired on May 12, 2002. Plaintiffs should not be permitted to amend their Complaint to assert boilerplate allegations of punitive damages after the statute of limitations expired.

Accordingly, as a matter of law, Plaintiffs' proposed Amended Complaint fails to state a claim for punitive damages against Defendant. Therefore, Plaintiffs' Motion for Leave to Amend must be denied with prejudice.

**WHEREFORE**, Defendant Lucent Technologies, Inc. respectfully requests that the Court deny Plaintiffs' Motion to Amend the Complaint with prejudice.

**KELLY, McLAUGHLIN, FOSTER,**
**BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

By:_________________________________
Thomas P. Bracaglia, Esquire
Attorney for Defendant,
Lucent Technologies, Inc.

**DATED: _____________**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GLEN D. SMALE and** | : | **CIVIL ACTION** |
| **CARLA J. SMALE, his wife** | : | |
| | : | |
| | : | |
| **v.** | : | **NO. 02-CV-2721** |
| | : | |
| **LUCENT TECHNOLOGIES, INC.** | : | |

**CERTIFICATE OF SERVICE**

I, **THOMAS P. BRACAGLIA, ESQUIRE**, hereby certify that I did mail, by regular U.S. First Class Mail, a true and correct copy of the Answer of Defendant Lucent Technologies, Inc. to Plaintiffs' Motion to Amend Complaint to the below listed on the date indicated:

Andrew M. Ominsky, Esquire
**OMINSKY & OMINSKY, P.C.**
Two Penn Center Plaza, Suite 1210
500 JFK Boulevard
Philadelphia, PA 19102

______________________________
**THOMAS P. BRACAGLIA, ESQUIRE**

**Date:** _________________