EXHIBIT "A"

07/03/02 WED 08:31 FAX         LUCENT TECHNOLOGIES         ☑ 013

## Corporation Service Company
2711 Centerville Road Suite 400, Wilmington, DE, 19808
(302) 636-5400

United States Corporation Company         The Prentice-Hall Corporation System, Inc.

### NOTICE OF SERVICE OF PROCESS

Date Processed: 01-JUL-02

Transmittal #: PA1459494P    ALL

To: LAWRENCE J. HURLEY 3C542A
LUCENT TECHNOLOGIES
600 MOUNTAIN AVENUE
MURRAY HILL NJ 07974

Redirect sent to:
KAREN MCKEEVEN 3C532B

**TYPE OF REPRESENTATION:** Statutory

We enclose the following documents which were served upon:
c/o The Prentice-Hall Corporation System, Inc.
as registered agent in Pennsylvania for LUCENT TECHNOLOGIES INC. (ID#: 0666713)
ID#: N/A
Documents were served on 01-JUL-02 via Personal Service

Case #: 02-2721

Title of Action: GLEN D. SMALE, ET UX
vs. LUCENT TECHNOLOGIES, INC
Court: U.S. DISTRICT COURT, EASTERN DISTRICT, PENNSYLVANIA
Nature of Case: Personal Injury

| | | |
|---|---|---|
| X Summons | ___ Notice of Mechanic's Lien | ___ A self-addressed stamped envelope enclosed |
| X Complaint | ___ Notice of Attorney's Lien | ___ Duplicate copies of the Notice and Acknowledgement enclosed |
| ___ Garnishment | ___ Notice of Default Judgment | |
| ___ Subpoena | | |
| ___ Other: | | |

Answer Due: WITHIN 20 DAYS AFTER SERVICE
Documents Sent: Federal Express    ID#:
Call Placed: No call placed    Spoke to: N/A
Comments: N/A

Attorney for Claimant:
ANDREW B. ZELONIS
558 STATE ROAD
BARNESVILLE, PA 18214

570-467-0899

Form Prepared By: Susan Beatty

Please acknowledge receipt of this notice and the enclosures by signing and returning the acknowledgement copy.

Original Client Copy - for your records

The information on this transmittal is provided for use in forwarding the attached documents. This information does not constitute a legal opinion as to the facts or details of this action. These should be obtained from the documents themselves. The receiver of this transmittal is responsible for interpreting the documents and for taking appropriate action. If you have received only a copy of the transmittal, you should be aware that the documents have been sent to the original addressee. You should contact that addressee for details or interpretations of the content of those documents.

## SUMMONS IN A CIVIL ACTION

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| GLEN D. SMALE and CARLA J. SMALE, his wife<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC. | CIVIL ACTION NO. 02-2721<br><br>TO: (NAME AND ADDRESS OF DEFENDANT) |
|---|---|

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

Andrew B. Zelonis, Esq.
558 State Road
Barnesville, PA 18214

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| Michael E. Kunz, Clerk of Court | Date: 5/7/02 |
|---|---|
| (By) Deputy Clerk<br>*[signature]*<br>Evelyn Elsasser | |

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
CIVIL DIVISION — LAW

| | |
|---|---|
| GLEN D. SMALE and<br>CARLA J. SMALE, his wife,<br>　　　　Plaintiffs | :<br>:　No. 02-CW-2721<br>: |
| vs. | :<br>:　JURY TRIAL DEMANDED |
| LUCENT TECHNOLOGIES, INC.,<br>　　　　Defendant | :　FILED MAY 07 2002<br>: |

**AND NOW**, comes the Plaintiffs, Glen D. Smale and Carla J. Smale, his wife, by and through their attorney, Andrew B. Zelonis, Esquire, who set forth and aver the following:

## I. JURISDICTION VENUE AND PARTIES

1. This suit is brought in the United States District Court for the Eastern District of Pennsylvania pursuant to Title 28 U.S.C. § 1332(a) insofar as the parties are citizens of different states and the amount in controversy exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Venue is proper in the United States District Court for the Eastern District of Pennsylvania insofar as the claim underlying this action arose within the jurisdictional confines of the Eastern District of Pennsylvania.

3. Plaintiffs are Glen D. Smale and Carla J. Smale, his wife, both individuals residing at 635 Lafayette Avenue, Palmerton, Carbon County, Pennsylvania 18071.

4. Defendant is Lucent Technologies, Inc., a corporation believed to be duly organized and existing under the laws of the State of Delaware with a mailing address for service listed with the Commonwealth of Pennsylvania Department of State as:

Lucent Technologies, Inc.
c/o Prentice Hall Corporate Systems, Inc.
2704 Commerce Drive
Harrisburg, PA 17110

The corporate address is 222 Delaware Avenue, Wilmington, DE 19801.

### GLEN. D. SMALE'S MAY 12, 2000 INJURY

5. On May 12, 2000, Glen D. Smale was employed by Diefenderfer Electrical Contractors, who was hired by the defendant to do electrical work at the defendant's Allentown plant located at 555 Union Boulevard, Allentown, PA 18109.

6. On May 12, 2000, Glen D. Smale, while acting within the course and scope of his employment with Diefenderfer Electrical Contractors, was removing the pre-existing clean room when he came into contact with a powder substance, which was hydrofluoric acid, and/or other hazardous chemicals, causing the plaintiff to be burned.

7. The May 12, 2000 accident resulted in the plaintiff having lost time from work as well as sustaining serious injury to his skin, musculoskeletal system and neurological system, etc.

8. As a result of the May 12, 2000 accident, as described more fully above, the plaintiff continues to suffer numbness, weakness and physical and emotional pain, which may continue into the indefinite future.

9. As a result of the May 12, 2000 accident, as described more fully above, the plaintiff was forced to undergo medical treatment and continues to be treated for these conditions, and may subsequently require surgery.

10. As a result of the May 12, 2000 accident, as described more fully above, the plaintiff was forced to incur medical expenses.

11. As a result of the May 12, 2000 accident, as described more fully above, the plaintiff suffered a loss of earnings and diminution in earning capacity, both of which may continue into the indefinite future.

### Count I - Negligence

12. Paragraphs 1 through 11 above are incorporated herein by reference as if set forth fully.

13. The May 12, 2000 accident, as described more fully above, and the injuries and losses suffered by the plaintiff as described more fully above, were caused by the negligence of the defendant consisting of, <u>inter alia</u>, the following:

   a) the defendant negligently breached the duties owed to the plaintiff by failing to sufficiently warn the plaintiff of a reasonably foreseeable hazardous substance in the area in which he worked;

   b) the defendant negligently breached the duties owed to the plaintiff by failing to take reasonable steps to avoid a foreseeable injury to the plaintiff by failing to maintain the premises under their control in a reasonably safe and secure condition;

   c) the defendant negligently breached the duties owed to the plaintiff by failing to meet their duty of posting the area to give warning to all persons in the area of a hazardous substance, (hydrofluoric acid), which is required by federal and state statute and regulations (OSHA) and of which the plaintiff is a class of person by which the regulations were intended to protect;

   d) the defendant negligently breached the duties owed to the plaintiff by failing to take reasonable measures to remedy a dangerous situation of which they were, or should have been, aware that allowed the plaintiff to be exposed to hazardous chemicals while working in MOS 1 Section, First Floor, of the Lucent Technologies, Inc., Allentown, Pennsylvania building;

e) the defendant negligently breached the duties owed to the plaintiff by failing to remove and/or systematically check the atmosphere and work environment when the defendant knew, or should have known, that a hazardous substance, (hydrofluoric acid), was in the area in which the plaintiff worked;

f) the defendant negligently breached the duties owed to the plaintiff by failing to provide adequate protection of the building's occupants from hazardous materials during renovation/construction of the building which allowed the plaintiff to come into contact with unsafe and dangerous chemicals;

g) the defendant negligently breached the duties owed to the plaintiff by failing to exercise due and reasonable care under the circumstances in view of the foreseeable dangers and foreseeable accidents and injuries that were likely to occur as a result of not testing the work area nor posting/warning persons in the area of a hazardous substance, (hydrofluoric acid and/or other hazardous chemicals).

**WHEREFORE**, the plaintiff, Glen D. Smale, respectfully requests this Honorable Court to enter judgment in an amount which exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest, costs, attorney's fees and any other such relief as this Honorable Court deems just and appropriate.

### Count II - Negligent Hiring, Training, Supervision or Retention

14. Paragraphs 1 through 13 above are incorporated herein by reference as if set forth fully.

15. Defendant, acting by and through their agents, servants or employees, had a duty to reasonably hire, train, supervise and retain employees or subcontractors to assure that they carry out their duties in a reasonable manner and provide a safe and secure environment for persons, including plaintiff, working at the building owned, managed or maintained by defendant.

16. Defendant, acting by and through their agents, servants or employees, breached those duties when defendant negligently failed to hire, train and supervise their agents, servants or employees so that they would take reasonable steps to prevent harm or injury to persons or employees, such as plaintiff, when they knew or should have known of the dangers posed to one in plaintiff's position, and to ensure that all reasonable precautions were taken to avoid creating conditions that placed persons or employees in danger.

17. As a result of those independent or concurrent acts of negligence of defendant, plaintiff was injured as already set forth.

**WHEREFORE**, the plaintiff, Glen D. Smale, respectfully requests this Honorable Court to enter judgment in an amount which exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest, costs, attorney's fees and any other such relief as this Honorable Court deems just and appropriate.

<u>Count III - Strict Liability and Tort</u>

18. Paragraphs 1 through 17 above are incorporated herein by reference as if set forth fully.

19. The defendant, who produces products that are placed in the stream of commerce, and a type of person who regularly uses hazardous chemicals, (hydrofluoric acid and/or other hazardous chemicals), in their business, failed to give notice, by either posting or otherwise, to the plaintiff, a type of person the statutes/regulations (OSHA) was intended to protect.

**WHEREFORE**, the plaintiff, Glen D. Smale, respectfully requests this Honorable Court to enter judgment in an amount which exceeds seventy-five thousand ($75,000.00) dollars, exclusive of interest, costs, attorney's fees and any other such relief as this Honorable Court deems just and appropriate.

### Count IV - Loss of Consortium

20. Paragraphs 1 through 19 above are incorporated herein by reference as if set forth fully.

21. Because of the physical injuries suffered by plaintiff Glen D. Smale and the accompanying emotional distress attributable to the physical pain and suffering, both he and his wife, Carla J. Smale, have suffered a loss of consortium due to the negligence of the defendant.

**WHEREFORE**, plaintiffs Glen D. Smale and Carla J. Smale respectfully request this Honorable Court to enter judgment in an amount as is deemed just and appropriate to compensate for their loss of consortium due to the injuries sustained caused by the negligence of the defendant.

Date: 5/7/02

BY: _____
Andrew B. Zelonis, Esquire
Counsel for Plaintiffs
558 State Road
Barnesville, PA 18214-2617
(570) 467-0899
Attorney I.D. #83906

# VERIFICATION

We, the undersigned, Glen D. Smale and Carla J. Smale, his wife, plaintiffs in the foregoing Complaint, verify that all statements made herein are true and correct. We understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 5/6/02

_____
Glen D. Smale
Plaintiff

Date: 5/6/02

_____
Carla J. Smale
Plaintiff

# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

FILED JAN 1 6 2003

| | |
|---|---|
| GLEN D. SMALE and<br>CARLA J. SMALE,<br><br>    Plaintiffs<br><br>    vs.<br><br>LUCENT TECHNOLOGIES, INC.,<br><br>    Defendant | Civil Action<br>No. 2002-cv-2721(JKG) |

O R D E R

NOW, this 15th day of January, 2003, upon consideration of Defendant Lucent Technologies, Inc.'s Motion to Compel Plaintiffs' Discovery Responses filed December 30, 2002,

IT IS ORDERED that defendant's motion is denied without prejudice.

IT IS FURTHER ORDERED that the parties may bring this discovery dispute to the attention of United States Magistrate Judge Arnold C. Rapoport by letter or other informal means as directed by our Standing Order of January 2, 2003.

BY THE COURT:

/s/ James Knoll Gardner
James Knoll Gardner
United States District Judge

ENTERED: 1-16-03

CLERK OF COURT

EXHIBIT "C"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN D. SMALE, et al<br>　　　　　Plaintiffs,<br><br>v.<br><br>LUCENT TECHNOLOGIES, INC.<br>　　　　　Defendant. | CIVIL ACTION<br><br>FILED  JAN 2 4 2003<br><br>No. 02-2721 |

### ORDER

AND NOW, this 23 day of January, 2003, after a telephone conference with counsel this date, it is hereby ORDERED as follows:

　　1.　Plaintiff shall produce their self-executing disclosure statement pursuant to Fed. R. Civ. P. 26(a) and Section 4:01(a)(1(D) of the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Eastern District of Pennsylvania, on or before Monday, February 3, 2003;

　　2.　Plaintiff shall provide full and complete answers to Defendant's Interrogatories and Request for Production of Documents on or before February 3, 2003; and

　　3.　if Plaintiffs fail to comply with this Order they risk dismissal of this case for failure to prosecute.

BY THE COURT:

ARNOLD C. RAPOPORT
United States Magistrate Judge

ENTERED: 1-24-03

CLERK OF COURT

# EXHIBIT "D"

FILED FEB 27 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GLEN D. SMALE, et al : | CIVIL ACTION |
| Plaintiffs, : | |
| : | |
| v. : | No. 02-2721 |
| : | |
| LUCENT TECHNOLOGIES, INC. : | |
| Defendant. : | |

ORDER

AND NOW, this 26 day of February, 2003, after a telephone conference with counsel this date, it is hereby ORDERED as follows:

1. Plaintiffs shall fully comply with the requirements of F.R.C.P. 26(a) at Section 4:01(a)(1)(B) of the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Eastern District of Pennsylvania and this Honorable Court's Order dated January 23, 2003, by Wednesday, March 12, 2003;

2. Plaintiffs shall provide full and complete answers to Defendant's Request for Production of Documents as required by F.R.C.P. 24(b) and this Honorable Court's January 23, 2003, Order by Wednesday, March 12, 2003;

3. Plaintiffs shall provide all documents identified as having been reviewed by Jonathan Szenics, M.D. in his April 10,

ENTERED: 2-27-03

CLERK OF COURT

2002, report by Wednesday, March 12, 2003;

    4.  Plaintiffs' failure to comply with this Order may result in dismissal of their case for failure to prosecute.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge