IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GLEN D. SMALE and<br>CARLA J. SMALE, his wife | : <br> : <br> : <br> : | CIVIL ACTION |
| v. | : | NO. 02-CV-2721 |
| LUCENT TECHNOLOGIES, INC. | : <br> : | |

### DEFENDANT LUCENT TECHNOLOGIES, INC.S RESPONSE TO PLAINTIFFS' MOTION FOR ENLARGEMENT OF TIME FOR DISCOVERY AND EXPERT WITNESS DEADLINES

Defendant Lucent Technologies, Inc. ("Lucent"), through its counsel Kelly, McLaughlin, Foster, Bracaglia, Daly, Trabucco & White, hereby responds to Plaintiffs' Motion for Enlargement of Time for Discovery and Expert Witness Deadlines as follows:

1. Admitted in part; denied in part. Lucent admits only that Plaintiffs have so alleged. All remaining allegations are denied.

2. Admitted.

3. Admitted in part; denied in part. Lucent admits only that the allegations concerning exchange of appearance for counsel for Plaintiffs. All remaining allegations are denied. To the contrary, Lucent attempted to actively conduct discovery, but Plaintiffs failed to cooperate in discovery or discover their case. Lucent made many informal requests and formal applications to get Plaintiffs to provide discovery, including obtaining the following Court orders:

    a. By order dated January 23, 2003, Plaintiffs were compelled to produce their self executing disclosures and full and complete responses to Lucent's interrogatories and requests for production by February 3, 2003;

    b. By order dated February 26, 2003, Plaintiffs were compelled to produce their

>self executing disclosures and full and complete responses to Lucent's interrogatories and requests for production and produce all documents reviewed by Dr. Szenics by March 12, 2003.

Further, Plaintiffs did not even serve discovery requests until April 7, 2003, almost one year after they filed this action. Accordingly, the only reason discovery was limited for the first ten months this case was pending is because Plaintiffs failed to do anything.

4. Admitted.

5. Admitted.

6. Admitted in part; denied in part. To the contrary, the transcripts of the depositions of Plaintiffs were today received.

7. Admitted in part; denied in part. Lucent admits only that counsel for Plaintiffs questioned Crawford and Miroslaw about Green and Kershner. All remaining allegations are denied. To the contrary, Plaintiffs knew that Green and Kershner might have relevant information long before Crawford and Mirsoslaw were deposed. In fact, Kershner was identified as having discoverable relevant information in Lucent's supplemental initial disclosures served on December 12, 2002 and Green and Kershner were identified in Lucent's discovery responses.

8. Admitted.

9. Denied. To the contrary, as addressed above, Plaintiffs failed to cooperate in discovery for the first ten months it was pending, causing Lucent to obtain two discovery orders, and Plaintiffs failed serve discovery or discover their case for almost the first year it was pending. Accordingly, any alleged inability to complete discovery was due to Plaintiffs' own inaction and Plaintiffs have demonstrated no cause justifying an extension of the discovery or expert witness deadlines.

Further, Lucent would be prejudiced if the discovery and expert witness deadlines are extended. To date, no doctor has causally related Plaintiff's alleged injuries to any alleged toxic exposure, much less one that occurred at Lucent. Further, testing of Smale's gloves and the pipe and residue he allegedly contacted revealed essentially neutral pHs of between 5 and 7. In short, Plaintiffs have not made out a prima facia case. Lucent has already expended significant sums defending this case, which has been pending for more than one year. Lucent would be prejudiced if the expert and expert witness deadlines were extended because Lucent would have to spend additional significant sums defending a case in which plaintiffs have made no showing that their allegations have evidentiary support.

WHEREFORE, Defendant, lucent Technologies, Inc., respectfully requests that Plaintiffs Motion for Enlargement of Time for Discovery and Expert Witness Deadlines be denied.

**KELLY, McLAUGHLIN, FOSTER,
BRACAGLIA, DALY, TRABUCCO & WHITE, LLP**

By: /s Thomas P. Bracaglia
    Thomas P. Bracaglia, Esquire
    Attorney for Defendant,
    Lucent Technologies, Inc.

**DATED: 8/26/03**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLEN D. SMALE and** | : | CIVIL ACTION |
| **CARLA J. SMALE, his wife** | : | |
| | : | |
| | : | |
| **v.** | : | NO. 02-CV-2721 |
| | : | |
| **LUCENT TECHNOLOGIES, INC.** | : | |

## ORDER

**AND NOW**, this          day or                    , 2003, upon consideration of Plaintiffs' Motion for Enlargement of Time for Discovery and Expert Witness Deadlines and Defendant Lucent Technologies, Inc.'s' Response thereto, it is hereby **ODERED** and **DECREED** THAT Plaintiffs' Motion is **DENIED.**

                                                    BY THE COURT:

                                                    _____
                                                                       **,J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GLEN D. SMALE and** | : | **CIVIL ACTION** |
| **CARLA J. SMALE, his wife** | : | |
| | : | |
| | : | |
| **v.** | : | **NO. 02-CV-2721** |
| | : | |
| **LUCENT TECHNOLOGIES, INC.** | : | |

## CERTIFICATE OF SERVICE

    I, THOMAS P. BRACAGLIA, ESQUIRE, hereby certify that I did mail, by regular U.S. First Class Mail, a true and correct copy of Defendant Lucent Technologies, Inc.'s Response to Plainitffs' Motion for Enlargement of Time and Expert Witness Deadlines to the below listed on the date indicated:

    **Andrew M. Ominsky, Esquire**
    **Two Penn Center Plaza**
    **Suite 1210**
    **1500 JFK Blvd.**
    **Philadelphia, Pa.  19102**

                                                    /s Thomas P. Bracaglia
                                                  THOMAS P. BRACAGLIA, ESQUIRE

Date: 8/26/03