IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | ) | |
| GLEN D. SMALE and | ) | |
| CARLA J. SMALE, | ) | Civil Action |
| | ) | No. 02-CV-02721 |
| Plaintiffs | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LUCENT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant | ) | |

O R D E R

NOW, this 4th day of September, 2003, upon

consideration of Plaintiffs' Motion for Enlargement of Time for

Discovery and Expert Witness Deadlines, which motion was filed

August 22, 2003; upon consideration of Defendant Lucent

Technologies, Inc.'s Response to Plaintiffs' Motion for

Enlargement of Time for Discovery and Expert Witness Deadlines

filed August 26, 2003,

IT IS ORDERED that plaintiffs' motion is granted in

part and denied in part.[1]

---

[1]    Plaintiffs request a 30-day extension of the discovery and expert
report deadlines.  Plaintiffs contend that little to no discovery was
conducted from May 7, 2002 until March 25, 2003.  Moreover, plaintiffs assert
that they have actively pursued discovery in the past few months and need more
time for discovery for the purpose of taking more depositions of defendant's
employees who allegedly have information concerning this case.  In addition,
plaintiffs assert they need more time to produce expert reports because they
have not received all the transcripts of depositions already taken to provide
to their experts, so that expert reports may be prepared based upon all
relevant information.
        In its response, defendant contends that it attempted to actively
conduct discovery in this case through both formal and informal means from the
commencement of this litigation in May 2002, but plaintiff did not cooperate.
Furthermore, defendant asserts that plaintiffs were directed by the court on
three separate occasions to produce discovery, but did not do so.  Finally,
defendant contends that plaintiff has known for quite some time that the
remaining employees plaintiff wants to depose might have relevant information.

IT IS FURTHER ORDERED that plaintiffs' request to extend the discovery deadline is denied.

IT IS FURTHER ORDERED that plaintiff's request to extend the deadline for the production of expert reports is granted in part and denied in part.

IT IS FURTHER ORDERED that plaintiffs shall be precluded from offering the testimony of expert witnesses at trial unless on or before September 25, 2003 plaintiffs provide defense counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and opinions, of each such witness.

IT IS FURTHER ORDERED that defendant shall be precluded from offering the testimony of expert witnesses at trial unless on or before October 27, 2003 defendant provides plaintiffs' counsel with the name, address, curriculum vitae and a signed, written expert report containing the findings, conclusions and

---

(Continuation of footnote 1):

     Federal Rule of Civil Procedure 16 grants a trial court discretion in setting time limits for discovery and those time limits "shall not be modified except upon a showing of good cause." Fed.R.Civ.P. 16(b). In this case, we conclude that plaintiff has shown good cause for a short extension of the expert report deadlines because they have not yet received all the deposition transcripts. In addition, in fairness to defendant, we have granted defendant an extension of its expert report deadline and a short extension of the deadline for dispositive motions. However, because plaintiffs have had sufficient time to conduct discovery in this matter, we conclude that plaintiffs fail to show good cause for an extension of the discovery deadline.

     Accordingly, we grant plaintiffs a 20-day extension of the expert report deadline and correspondingly extend the deadline for submission defendant's expert reports. In addition, we extend the deadline for submission of dispositive motions. However, we deny plaintiff's request for an extension of the discovery deadline.

opinions, of each such witness.

IT IS FURTHER ORDERED that all dispositive motions, including motions for summary judgment, accompanied by a brief, shall be filed and served on or before November 15, 2003.

IT IS FURTHER ORDERED that in all other respects, the Second Rule 16 Status Conference Order of the undersigned dated may 2, 2003 shall remain in full force and effect.

BY THE COURT:

_____

James Knoll Gardner
United States District Judge